ORIGINAL

BRIEANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
JULIAN SMITH,

        Plaintiff,

-vs-

COUNTY OF SULLIVAN,

        Defendant.
----------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

ECF CASE

**05 CIV. 9114**

## INTRODUCTION

1. Plaintiff Julian Smith brings this action to redress the violation of his civil rights under Title VII of the Civil Rights Act of 1964 and the New York Human Rights Law.

## PARTIES

2. Plaintiff Julian Smith is an African-American man residing in Orange County, New York, within this Judicial district.

3. Defendant County of Sullivan is a municipal corporation organized pursuant to the laws of New York State. It may sue and be sued.

## JURISDICTION

4. As plaintiff brings this action to enforce Title VII of the Civil Rights Act of 1964, this Court has jurisdiction over the case pursuant to 28 U.S.C. §§ 1331, 1343 (3) and (4) and 42 U.S.C. § 2000e et seq.

5. As the State claims arise from the same nucleus of operative facts as the Federal claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. On December 27, 2002, plaintiff filed a charge of race discrimination with the

Equal Employment Opportunity Commission and the New York State Division of Human Rights. He received a right to sue letter from the United States Department of Justice on October 11, 2005. Plaintiff files this suit within 90 days of his receipt of the right to sue letter.

7. As the events giving rise to this action arose in Sullivan County, this case is venued in the Southern District of New York.

**FACTUAL AVERMENTS**

8. In May 1996, plaintiff commenced employment with the Sullivan County Sheriff's Department as a Sheriff's Deputy assigned to the County Jail.

9. While plaintiff was employed by the Sheriff's Department, from 1996 through 2004, there was a pervasive pattern at the Jail of unequal treatment of African-American officers.

10. This unequal treatment was directed at plaintiff as well as other African-American officers. One of its prominent features was that the Jail's administration took disciplinary action against African-American officers more frequently and more harshly than it did against similarly situated non-African-American officers. For example, the County terminated the employment of Thomas Compasso, an African-American officer, for erroneously leaving a unit's door open inside the Jail. By contrast, it issued warning letters to two Caucasian officers, Danzer and Harrell, who also erroneously left unit doors open.

11. Defendant's unequal treatment of African-American officers extended to authorizations for leave and break times. Plaintiff and other African-American

officers were denied breaks and leaves which were given to non-African-American officers, who often had less seniority than the denied African-American officers.

12. The Sheriff, Dan Hoge, and his administration, ran the Jail like an "old boys' club," giving preferential treatment to favored [Caucasian] officers while generally treating African-American officers less favorably.

13. Officers, including ranking officers, routinely distributed cigarettes, cigars and other tobacco products to inmates at the Jail. This was such a common practice that it was condoned and encouraged by Jail administrators. For example, while he was in charge of the day shift, Colonel Kenneth LaPorte directed officers to buy cigarettes and other tobacco products to distribute to inmates.

14. Notwithstanding this widespread practice, in 2002, defendant suspended plaintiff without pay for 30 days for having given one cigar each to two inmates. Defendant had never taken disciplinary action against any other officer for distributing legal tobacco products to inmates. Indeed, even after the Jail became a "tobacco-free" facility in 2003, officers and staff, including ranking officers, continued to distribute tobacco products to inmates without penalty.

15. In December 2002, plaintiff timely filed an EEOC/SDHR complaint of race discrimination based on his suspension and the underlying unequal treatment.

16. After plaintiff filed his EEOC/SDHR complaint, defendant subjected him to ongoing retaliation in response to his complaint of discrimination, culminating in plaintiff's forced resignation in February 2004. Defendant's retaliatory actions

3

included selective enforcement of rules and signals that the administration did not want plaintiff to continue his employment at the Jail.

17. Defendants' discriminatory and retaliatory actions, as described herein, caused plaintiff substantial economic losses, emotional distress and detriment to his physical health.

**CAUSES OF ACTION**

18. Plaintiff incorporates ¶¶ 1-17 as if fully re-stated here.

19. In violation of Title VII of the Civil Rights Act of 1964 and New York Executive Law § 296, defendant subjected plaintiff to race discrimination.

20. In violation of Title VII of the Civil Rights Act of 1964 and New York Executive Law § 296, defendant retaliated against plaintiff for complaining of race discrimination.

WHEREFORE, plaintiffs pray that this Honorable Court:

Plaintiffs respectfully prays that this Honorable Court:

a. accept jurisdiction over this matter;

b. empanel a jury to fairly hear and decide this case;

c. award plaintiff compensatory damages;

d. reinstate plaintiff to his previous position;

e. award plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. §§ 1988 and 2000e et seq.; and

f. award plaintiffs such other relief deemed just and proper.

Dated:   October 25, 2005
         Chester, New York

                                    Respectfully submitted,

                                    S/ _____
                                    CHRISTOPHER D. WATKINS (CW 2240)

                                    THORNTON, BERGSTEIN & ULLRICH
                                    15 Railroad Avenue
                                    Chester, New York 10918
                                    (845) 469-1277

                                    Counsel for plaintiff

5